UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CASACCIA

                         Plaintiff,                      CITY OF ROCHESTER'S MEMORANDUM IN OPPOSITION TO AMENDED COMPLAINT

     v.                                                          Civil Action No.:
                                                                6:17-cv-06323-MAT

CITY OF ROCHESTER, et al

                        Defendants.
_____

      A Scheduling Order was issued by the Court on July 25, 2018 which mandated that any amended to the pleadings be made by December 15, 2018. Docket #22. Plaintiff filed an Amended Complaint on April 12, 2019, four (4) months after the above-referenced deadline, and without having moved by formal motion. At this stage the Amended Complaint requires a formal motion and a showing of good cause. In *John Hancock v. Amerford Int'l Corp*. 22 F.3d 458 (2ND Cir. 1994) the Second Circuit upheld denial of Plaintiff's motion to amend the complaint, in part, due to the fact that leave was sought four (4) months after the scheduling order deadline. Presently, Plaintiff attempts to amend four (4) months after the Scheduling Order deadline issued by this Court, without bothering to move this Court.

      "Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed," *Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243 (2d Cir. 2007)*. When a Scheduling Order has been entered setting forth deadlines for amending pleadings or adding parties, see Fed. R. Civ. P. 16(b)(3)(A), the freely given leave to amend under Rule 15 must be balanced against the Rule 16 requirements that a Scheduling Order "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4) (effective Dec. 2009) *Henry v County of Niagara*, 2011 US Dist LEXIS 71911, at 10-12

[WDNY July 5, 2011]. Moreover "To establish the requisite "good cause" for amending a scheduling order, the party seeking amendment must demonstrate that the deadline cannot be met "despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note (1983 amendment, discussion of subsection (b))." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 [2d Cir. 2000] cited by *Holmes v Fischer*, 2013 US Dist LEXIS 87124, at 13 [WDNY June 20, 2013].

     Nearly two (2) years after the Complaint in this matter was filed, Plaintiff, for the first time, alleges that his wife, MaryBeth Casaccia was arrested and assaulted by Rochester Police Officers. If the Amended Complaint is to believed, both Mr. and Mrs. Casaccia were indicted in criminal court for the underlying incident. Moreover, both Mr. and Mrs. Casaccia were at all times subject to unlawful arrest and excessive force. Therefore, there is no excuse for Plaintiff's late amendment to the Complaint as Mrs. Casaccia was at all times known by Plaintiff to be an interested party. Not only is the Amended Complaint untimely and filed without judicial consent, the allegations contained therein are facially dubious. It defies reason or explanation that Mrs. Casaccia would be absent from a lawsuit brought by her husband if they suffered similar violations at precisely the same time, at the same place by the same parties. The City should not be forced to expend resources to defend clearly implausible and untimely claims. Same is unfairly prejudicial, procedurally improper and factually incredible.

DATED: April 15, 2018        TIMOTHY R. CURTIN, CORPORATION COUNSEL

                                               _____
                                        BY: SPENCER L. ASH, ESQ, of Counsel
                                        *Attorneys for Defendant*
                                        City Hall Room 400A, 30 Church Street
                                        Rochester, New York 14614
                                        (585) 428-6699