UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL CASACCIA,

                    Plaintiff,

          -vs-                          **No. 6:17-cv-06323-MAT**
                                        **DECISION AND ORDER**
CITY OF ROCHESTER, et al.,


                    Defendants.

_____

## I. <u>INTRODUCTION</u>

Represented by counsel, Michael Casaccia ("Plaintiff") commenced the instant action on May 23, 2017, alleging violations of the Fourth and Fourteenth Amendments, as well as state law claims for battery, assault, false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. Docket No. 1. Presently before the Court is the City Defendants' Motion to Dismiss Plaintiff's amended complaint (Docket No. 30), and Plaintiff's Motion to Strike the City Defendants' answer, amend the complaint, for sanctions, modification of the scheduling order, and for fees and costs (Docket No. 32). For the following

reasons, the City Defendants' motion is denied as moot, and Plaintiff's motion is granted in part and denied in part.

## II. **FACTUAL AND PROCEDURAL BACKGROUND**

The Court thoroughly summarized the facts of the case in its previous Decision and Order dated January 8, 2018 (Docket No. 17), and therefore assumes the parties' familiarity with the allegations contained in the complaint.

Plaintiff Michael Casaccia commenced the instant action against the City of Rochester, the Rochester Police Department ("RPD"), and officers Audrey Dipoala, Gary Wegman, Matthew Cushman, Joshua Hall, and Amy Bauer (collectively, the "City Defendants"), as well as the Rural/Metro Corporation ("RMC"), Robert Young, and John Doe (collectively, the "RMC Defendants"), on May 23, 2017. Docket No. 1. The RMC Defendants filed an answer on July 19, 2017, in which they denied the claims against them and asserted a cross-claim for indemnification and/or contribution against the City Defendants. Docket No. 5.

The City Defendants filed a motion to dismiss the complaint on August 28, 2017, and Plaintiff filed a responsive brief on October 5, 2017. Docket Nos. 11, 15. The RMC Defendants filed an attorney affirmation noting that the claims against them were asserted only under state law and requesting that, in the event the Court decided to dismiss the federal claims against the City Defendants, it in turn decline to exercise jurisdiction over any remaining state law claims. Docket No. 12.

On January 8, 2018, the Court granted in part and denied in part the City Defendants' motion to dismiss the complaint. Docket No. 17. Specifically, the Court dismissed the RPD as a defendant; dismissed Plaintiff's claims for supervisory liability against the City; and dismissed Plaintiff's state law claims for intentional and negligent infliction of emotional distress. The Court denied the motion in all other respects. The case proceeded to discovery, with a deadline of December 15, 2018, for filing motions to amend the pleadings. Docket No. 22 at ¶ 3 ("All motions to join other parties and to amend the pleadings shall be filed on or before **December**

**15.** Any third party actions shall be commenced on or before **December 15, 2018.**"). The deadline for disclosure of Rule 26 material was September 30, 2018, and all factual discovery was to be completed by June 30, 2019. *Id.* at ¶¶ 2, 4.

On March 19, 2019, Plaintiff's counsel submitted a letter to the Court, requesting a six-month extension of the discovery deadlines, as well as permission to opt-out of the Court's mandatory mediation program. Docket No. 25. In the letter, Plaintiff's counsel represented that Defendants consented to the six-month extension of time. *Id.* Plaintiff re-filed the letter as a motion on March 20, 2019. Docket No. 26. The same day, counsel for the City Defendants filed a response, objecting to any extension of the current discovery deadlines and opting out of mediation. Docket No. 27.

The City Defendants filed an answer to the complaint on April 12, 2019. Docket No. 28. The filing states that the Defendants "interpose[] this Answer for the sole purpose of clarifying the record as to remaining claims

and parties," and "[d]en[y] each and every allegation set forth in the Complaint." *Id*. at ¶¶ 3, 4.

On April 12, 2019 - the same date the City Defendants filed their answer - Plaintiff filed a 38-page amended complaint. Docket No. 29. As noted above, the deadline for filing a motion to amend the pleadings had expired in December 2018; and moreover, Plaintiff did not seek leave of Court before filing the amended pleading.

On April 15, 2019, the City Defendants filed a Motion to Dismiss Plaintiff's amended complaint, on the basis that it was untimely filed and "requires a formal motion and a showing of good cause." Docket No. 30-1 at 1. Plaintiff filed a response on April 30, 2019. Docket No. 34. On May 9, 2019, the RMC Defendants also filed a response opposing the amended complaint. Docket No. 37.

On April 26, 2019, the Plaintiff filed a motion to strike, seeking the following forms of relief: (1) striking the April 12, 2019 answer filed by the City Defendants; (2) an order permitting Plaintiff to file an amended complaint; (3) sanctioning the City Defendants for failing to produce certain discovery; (4)

modification of the scheduling order; and (5) awarding reasonable expenses in connection with the motion, including attorney's fees. Docket No. 32. The City Defendants filed an opposition to the motion on April 30, 2019 (Docket Nos. 33, 35), and Plaintiff filed a reply on May 16, 2019 (Docket No. 39).

III.    **DISCUSSION**

A.   **Plaintiff's Motion to Amend the Complaint**

As explained above, Plaintiff filed an amended complaint on April 12, 2019 (Docket No. 29), which was well beyond the December 15, 2018 deadline for filing amended pleadings set by United States Magistrate Judge Jonathan W. Feldman (*see* Docket No. 22 at ¶ 3). Because Plaintiff's time for filing an amended pleading as of right had expired, he was required to seek permission of the Court before filing the amended complaint, or moved for an extension of the December 15, 2018 deadline before it had expired. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

To correct this oversight, on April 26, 2019,

Plaintiff filed a formal motion, attaching a proposed amended complaint (Docket No. 32-4) and seeking an order allowing him to amend his original pleading.[1]  Docket No. 32.  As explained below, the amended complaint contains several significant additions, including the naming of Plaintiff's wife, Marybeth Casaccia, as a plaintiff, the addition of two new defendants, and Plaintiff's assertion of 1983 claims against the RMC Defendants.

The City Defendants contend that Plaintiff was aware of the alleged harm against Mrs. Casaccia at the time he filed the original complaint, and therefore Mrs. Casaccia should have been named as a plaintiff at that time. Docket No. 30-1 at 2 ("It defies reason or explanation that Mrs. Casaccia would be absent from a lawsuit brought by her husband if they suffered similar violations at precisely the same time, at the same place by the same parties.").  The RMC Defendants contend that Plaintiff's

---

[1]
    Plaintiff's motion seeking leave of Court to file an amended complaint essentially moots the City Defendants' motion to dismiss the amended complaint.  However, the Court will treat the City Defendants' motion to dismiss as an opposition to Plaintiff's motion to file an amended complaint, along with their response filed at Docket No. 35.

assertion of civil rights claims against them is futile, as they are not state actors. Docket No. 37-3 at 3. The RMC Defendants also contend that the "relation back" doctrine does not apply to Plaintiff's naming of Greg Smith in place of the "John Doe" defendant, or to the Section 1983 claims asserted against them. *Id.* at 5-8.

### 1. <u>Standard For Amending Pleadings</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603–04 (2d Cir. 2005) (quoting *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)); citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (reasons for denying leave include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment"). Ultimately, it is "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citation omitted).

## 2. <u>Local Rule of Civil Procedure 15(b)</u>

Preliminarily, the Court notes that Plaintiff, in filing his amended complaint, has failed to comply with the Local Rules of Civil Procedure for the Western District of New York. Rule 15 of the Local Rules governs the filing of amended pleadings. Subsection (b) of that Rule states:

> Unless the movant is proceeding *pro se*, the amendment(s) or supplement(s) to the original pleading <u>shall</u> be identified in the proposed pleading through the use of a word processing "redline" function or other similar markings that are visible in both electronic and paper format.

L. R. Civ. P. 15(b) (emphasis added). "[T]he language in Local Rule 15(b) is mandatory." *McCrobie v. Palisades*

*Acqusition XVI, LLC*, 359 F. Supp. 3d 239, 245 (W.D.N.Y. 2019).

Plaintiff has attached a copy of the amended complaint at Docket No. 32-4. It contains more than 200 paragraphs, names multiple new parties, and includes new causes of action. Despite these extensive additions, the amended complaint does not contain any notation as to where certain amendments were made to the original complaint. "Consequently, the Court and opposing counsel have been required to visually compare the pleadings, which is not acceptable." *Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594(CJS), 2018 WL 2100605, at *5 (W.D.N.Y. May 7, 2018). "[B]ecause Plaintiff[] did not comply with [Rule 15(b)], the motion may be denied for that reason alone." *Id.* at *6. However, the Court will proceed with a substantive analysis of the amended complaint.

Without a redlined copy of the amended complaint, it seeks to amend the original complaint to add the following defendants and/or causes of action. First, the proposed amended complaint names Plaintiff's wife,

Marybeth Casaccia, as a plaintiff. *See* Docket No. 32-4 at ¶ 10. Mrs. Casaccia asserts causes of action for excessive use of force, false arrest, denial of the right to a fair trial, and failure to intercede. *Id*. at 22-27. As conceded by Plaintiff, Mrs. Casaccia's claims are based on conduct allegedly occurring at the time of the events described in the original complaint. *See* Docket No. 32-3 at 24 ("This is proper as her claims are timely and arise out of the same occurrence as Mr. Casaccia's claims. . . .").

Second, the proposed amended complaint adds two additional defendants: (1) "Greg Smith," in place of the "John Doe" defendant, and (2) RPD officer Rick Doran. *Id*. at ¶¶ 19, 22. Mr. Casaccia asserts causes of action for false arrest, battery, and assault against defendant Smith. *Id*. at 17-18, 30-33. As to defendant Doran, Mr. Casaccia asserts claims for failure to intercede, assault, battery, and false arrest and imprisonment, and Mrs. Casaccia only now asserts a cause of action for failure to intercede. *Id*. at 26-27, 30-34.

Third, the proposed amended complaint asserts claims pursuant to Section 1983 (excessive use of force and false arrest) against defendant Young. *Id*. at 15-18. Fourth, the proposed amended complaint adds a cause of action for denial of the right to a fair trial, which is asserted by Marybeth Casaccia against defendant Leckinger. *Id*. at 25-26.

The Court will review each of these amendments seriatim. However, as an initial matter, the Court notes that Plaintiff has included the RPD as a defendant in the amended complaint. *See, e.g.*, Docket No. 32-4 at 27 (listing ninth cause of action against the City of Rochester and the RPD); *id*. at ¶ 12 ("Upon information and belief, Defendant Rochester Police Department is a department within the City of Rochester, which is a municipal corporation located within the County of Monroe and State of New York."). As noted above, the Court's January 8, 2018 Decision and Order unequivocally dismissed the RPD from the case, because the RPD lacks the capacity to be sued and is not a proper defendant in

this matter.  Accordingly, any allegations against the RPD are struck from the amended complaint.

### 3.  <u>**Addition of Marybeth Casaccia as a Plaintiff**</u>

Plaintiff seeks to add his wife, Marybeth Casaccia, as a plaintiff.  The amended complaint alleges that Mrs. Casaccia was present at the City Grill with her husband on May 23, 2016, and that defendant Leckinger "slammed her body against the side of the ambulance," and that she was placed in handcuffs, arrested, and taken to the police station for booking.  Docket No. 32-4 ¶¶ 31, 67-72.  Mrs. Casaccia was charged with obstructing governmental administration in the second degree, which resulted in an adjournment in contemplation of dismissal. *Id*. at ¶¶ 78, 84.  Mrs. Casaccia alleges causes of action for excessive use of force, false arrest, denial of the right to a fair trial, and failure to intercede.  *Id*. at 22-27 (Fifth, Six, Seventh, and Eighth causes of action).

Plaintiff contends that the claims asserted by Mrs. Casaccia are meritorious, adequately plead, and timely, and that they "arise out of the same occurrence as Mr. Casaccia's claims."  Docket No. 32-3 at 23-29.  However,

despite the City Defendants' argument that these additional claims could have been included in the original complaint, Plaintiff's papers do not, to any extent, explain why he waited almost three years after the conduct at issue, and two years after the filing of the original complaint, to add Mrs. Casaccia as a plaintiff.

Plaintiff's failure to timely file an amended complaint is particularly troubling in this case, as he had several opportunities to do so. As noted above, this Court issued a Decision and Order on the City Defendants' motion to dismiss on January 8, 2018 (Docket No. 17). Plaintiff did not move to file an amended complaint at that time. Following the Decision on the Motion to Dismiss, Judge Feldman issued a Scheduling/Case Management Order, which set a December 15, 2018 deadline for filing amended pleadings (Docket No. 22). At no time before the December 2018 deadline did Plaintiff move for leave to file an amended complaint, or seek additional time to do so. Rather, Plaintiff waited until March 19, 2019, to seek an extension of the deadlines contained in

the Scheduling/Case Management Order (*see* Docket Nos. 25, 26), and April 26, 2019, to seek permission to file an amended pleading (Docket No. 32). Such conduct constitutes undue delay.[2]

Several courts have denied motions to amend when the new allegations clearly could have been included in prior versions of the complaint. *See Doe v. East Irondequoit Cent. Sch. Dist.*, 2018 WL 2100605, at *6 (denying the plaintiff's motion to file a second amended complaint, as it was "filed outside of the deadlines set by the Court's Motion Scheduling Order," and because "many of the proposed additional factual allegations . . . could . . . . have been included in the two prior versions of the Complaint."); *see also Elite Physician Servs., LLC v. Citicorp Payment Servs., Inc.*, No. 06 Civ. 2447(BSJ), 2009 WL 10669137, at *10 (S.D.N.Y. Oct. 9, 2009) ("As to

---

[2]    The Court recognizes that on March 4, 2019, new co-counsel appeared on the case. *See* Docket Nos. 25, 26, 32-2 at ¶ 14. However, at least one of Plaintiff's original counsel remained on the case and could have moved to extend the deadlines in the Scheduling/Case Management Order prior to the expiration of the December 15, 2018 deadline for moving to file an amended pleading.

the additional claims proposed in the Fourth Amended Complaint (unfair competition and promissory estoppel), the Court finds that each of these legal theories is based on allegations that already appear in the Third Amended Complaint. Therefore, Elite plainly knew of the legal theories asserted in the Fourth Amended Complaint before filing its Third Amended Complaint on October 31, 2008."); *United Magazine Co. v. Murdoch Magazines Distributors, Inc.,* No. 00 Civ. 3367(AGS), 2003 WL 223462, at *3 (S.D.N.Y. Feb. 3, 2003) ("After three successive iterations of the Complaint, which was first filed nearly three years ago, plaintiffs seek, in effect, to again amend the Complaint to add new causes of action. These causes of action could have been included in the initial Complaint, the First Amended Complaint, and potentially in the Second Amended Complaint. Plaintiffs have not set forth a compelling reason why these new causes of action should be entertained at this late date, particularly in light of the potential prejudice that such an inordinate delay imposes upon defendants. Under these circumstances . . . the Court grants the motion and

dismisses plaintiffs' reply counterclaims as against all defendants."); *DC Comics v. Kryptonite Corp.*, No. 00 Civ. 5562 AGS, 2002 WL 1303110, at *5 (S.D.N.Y. June 13, 2002) ("Moreover, unlike the proposed mutual mistake claim which purportedly relies upon newly-discovered evidence, the claim for declaratory relief could have been included in the original Complaint or the First Amended Complaint. The fact that DC could have made the claim in either of its two previous pleadings militates against permitting another amendment of the Complaint. The 'liberality with which a court grants leave to amend does not impart to litigants the privilege of re-shaping their legal theories endlessly [. . .]'") (quoting *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 953 (S.D.N.Y. 1983)) (alteration in original).

The Court is cognizant that Plaintiff is seeking to file a first amended complaint, rather than a second, third, or fourth amended complaint. The Court is also cognizant that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." However, the

Court has discretion in granting permission to amend a complaint and, considering Plaintiff's conduct as a whole - *i.e.*, the lack of explanation by Plaintiff why he waited almost two years since the commencement of the case to amend the complaint, beyond the expired deadline for moving to file amended pleadings, and the three years that have passed since the alleged conduct at issue - the Court denies Plaintiff's motion to amend the complaint to add Marybeth Casaccia as a plaintiff.[3]

### 4. <u>Addition of Civil Rights Claims Against the RMC Defendants</u>

Plaintiff's amended complaint includes civil rights claims against the RMC Defendants, in addition to the original state law claims asserted against them. Specifically, Plaintiff seeks to add causes of action for excessive use of force against defendant Young, and false arrest against defendant Young and Mr. Smith. Docket No.

---

[3]
    As noted above, Plaintiff also seeks to add a claim for denial of the right to a fair trial. This claim is asserted by Marybeth Casaccia, only. Because the Court has denied Plaintiff's request to amend the complaint to include Mrs. Casaccia as a plaintiff, Plaintiff's request to add the claim for denial of the right to a fair trial is denied as moot.

32-4 at 15-17 (First and Second causes of action). The RMC Defendants contend that amendment of the complaint to add civil rights claims would be futile because they are private actors, not state actors, and therefore they did not act "under color of law," which is required to state a Section 1983 claim. Docket No. 37-3 at 3.

The amended complaint acknowledges that defendant RMC is a "contracted ambulance service provider for the City of Rochester," but also states that Young and Smith, who are employed by RMC, were "[a]t all times relevant herein . . . acting under color or state law." Docket No. 32-4 at ¶¶ 20-23. The amended complaint also states that Young and Smith were "acting in the performance of their duties and under the guise and scope of their employment as emergency medical technicians and/or paramedics for Rural/Metro Corporation, and under the policies, customs, and usages of New York State, the City of Rochester, and Rural/Metro Corporation." *Id*. at ¶ 26. Factually, Plaintiff alleges that Young and Smith responded to his 911 call requesting an ambulance for his daughter. *Id*. at ¶¶ 33, 34. After examining his daughter, Young and

Smith allegedly told Mr. Casaccia that he could not take his daughter home, that he needed to wait for the police to arrive, that he was guilty of obstruction of governmental administration, and radioed for police to arrive. *Id*. at ¶¶ 49-51. Defendant Leckinger later testified that the RMC defendants requested police assistance because they were fighting with a patient. *Id*. at ¶ 53. According to Plaintiff, defendant Leckinger testified that one of the ambulance crew members told him that plaintiff "needs to be arrested." *Id*. at ¶ 56. Leckinger therefore asked Plaintiff to place his hands behind his back and, when Plaintiff did not immediately comply, either Young or Smith helped defendant Leckinger "slam" Plaintiff against the ambulance, punch him, and "slam[] [him] onto the pavement." *Id*. at ¶¶ 57-59.

"Section 1983 permits an individual deprived of a federal right by a person *acting under color of state law* to seek compensation in federal court." *Wimmer v. Suffolk Cty. Police Dep't*, 176 F. 3d 125, 136 (2d Cir. 1999) (emphasis added); *see also Rodriguez v. Clinton*, 357 F. App'x 355, 356 (2d Cir. 2009) ("It is axiomatic

that . . . § 1983, appl[ies] only to state actors."). "A private entity may be deemed a state actor where the state delegates its authority to the private entity." *Lopez v. N.Y.C. Dep't of Homeless Servs.*, No. 17-CV-3014(VEC)(OTW), 2019 WL 3531955, at *7 (S.D.N.Y. Aug. 2, 2019); *see also Cassidy v. Madoff*, No. 8:18-cv-00394(BKS/DJS), 2019 WL 3453937, at *3 (N.D.N.Y. July 31, 2019) ("Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting under the color of state law. [A] claim against a private entity must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.") (internal quotations and citations omitted) (alteration in original).

Construing the amended complaint in a light most favorable to Plaintiff, he alleges that the RMC Defendants acted in concert with the City Defendants to effectuate Plaintiff's arrest. However, Plaintiff's assertion of civil rights claims against the RMC Defendants suffers from the same defect as the addition of Mrs. Casaccia to the amended complaint: undue delay.

Despite Plaintiff's allegations that he was present at the time the alleged unconstitutional conduct occurred, he fails to offer any explanation why he waited almost three years since the happening of the events in question, and two years since the filing of original complaint, to assert constitutional violations against the RMC Defendants. Accordingly, for the same reasons the Court denied Plaintiff's motion to add Mrs. Casaccia as a plaintiff, the Court denies Plaintiff's motion to amend the complaint to add civil rights claims against the RMC Defendants.

### 5. Addition of Greg Smith and Rick Doran as Defendants

Plaintiff also seeks to amend the complaint to add Rick Doran as a City Defendant, as well as Greg Smith as a RMC defendant in place of "John Doe." Plaintiff contends that he did not learn the identifies of these parties until after he filed the original complaint. *See* Docket No. 32-3 at 24 (Doran's "name and participation in this incident was not disclosed until the City defendants filed their Rule 12 motion and attached the Subject Resistance Report. . . . This officer is timely added

within the three-year statute of limitations."); *id*. at 25-26 ("Plaintiff did not learn Mr. Smith's identity until the Rural/Metro defendants sent a copy of their mediation statement to the parties and the mediator on April 11, 2019; however, he was clearly sufficiently described in the complaint. . . .").

### a. <u>Claims Against Officer Doran</u>

The amended complaint includes several causes of action against Officer Doran, including failure to intercede, and state law claims for assault, battery, and false arrest and imprisonment by Mr. Casaccia, and failure to intercede by Mrs. Casaccia. As the Court has ruled that Plaintiff may not add Mrs. Casaccia as a plaintiff, the only claims remaining are those asserted by Mr. Casaccia.

The City Defendants do not offer any specific argument as to why Officer Doran may not be added as a party to the action. *See Flores v. Tryon*, No. 6:15-cv-06623-EAW, 2017 WL 3705124, at *7 n.4 (W.D.N.Y. Aug. 28, 2017) ("[I]t is not this Court's responsibility to raise and make counsel's arguments for them."). Rather, the

City Defendants contend that the amended complaint is
untimely and incredible. *See* Docket No. 30, 35.

Plaintiff acknowledges that he became aware of
Officer Doran's identity in August 2017, when the City
Defendants filed their motion to dismiss the complaint
and attached the Subject Resistance Report. Docket No.
32-3 at 24; *see also* Docket No. 11-4 at 2 (Subject
Resistance Report listing "Rick Doran" as a responding
officer). Accordingly, Plaintiff should have known of
Officer Doran's existence in August 2017, at the very
latest. Similar to the proposed addition of Mrs.
Casaccia to the amended complaint, Plaintiff fails to
offer any reason why he waited until April 2019 - almost
two years after learning of Officer Doran's identity - to
add him as defendant. Rather, Plaintiff asserts only
that the claims against Officer Doran are added within
the three-year statute of limitations. There are two
issues with Plaintiff's contention in this respect.
First, the state law claims for assault, battery, and
false imprisonment have a one-year statute of limitations
under New York law; only those causes of action asserted

pursuant to Section 1983 have a three-year statute of limitations. *See* N.Y. C.P.L.R. § 215(3); *see also Anderson v. City of Mt. Vernon*, No. 09-CV-7082(CS), 2011 WL 13327175, at *2 (S.D.N.Y. Dec. 5, 2011) ("The statute of limitations for Section 1983 claims in New York is three years, . . . but is only one year for Plaintiff's state-law intentional tort claims.") (internal quotations and citations omitted). Second, even if all of the claims against Officer Doran were timely asserted, Plaintiff fails to articulate why he delayed in adding Officer Doran as a defendant. Accordingly, for the same reasons the Court denied the motion to add Marybeth Casaccia as a plaintiff, the Court also denies Plaintiff's motion to add Officer Doran as a defendant.

### b. Claims Against Greg Smith

As to the addition of Mr. Smith as a defendant, the RMC Defendants contend that the claims against him are untimely and not proper under the relation-back doctrine, as plaintiff "has offered no explanation whatsoever for his delay in naming Mr. Smith as a defendant." Docket No. 37-3 at 5-7. The parties agree that Fed. R. Civ. P.

15(c)(1)(A) and N.Y. C.P.L.R. § 1024 are applicable. *See* Docket No. 32-2 at 25; Docket No. 37 at 6-7. As noted above, Plaintiff asserts claims for false arrest, as well as state law battery and assault, against Mr. Smith.

"Rule 15(c)(1) of the Federal Rules of Civil Procedure governs when an amended pleading may relate back to the date of the original pleading. Rule 15(c)(1)(A) provides that an amended pleading relates back when 'the law that provides the applicable statute of limitations allows relation back.'" *Lewis v. City if N.Y.*, No. 18cv5510(JGK), 2019 WL 2766503, at *3 (S.D.N.Y. July 2, 2019) (quoting Fed. R. Civ. P. 15(c)(1)(A)). "Section 1024 of the New York Civil Practice Law and Rules provides relation back for amendments naming John Doe defendants when the pleading party (1) exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name and (2) described the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Id*. (internal quotations and citations omitted). "New York courts have interpreted this section to permit John

Doe substitutions *nunc pro tunc*." *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013).

As explained above, Plaintiff may not bring a civil rights claim for false arrest against Mr. Smith. As to Plaintiff's assault and battery claims, they are controlled by a one-year statute of limitations (*see* N.Y. C.P.L.R. § 215(3)). Accordingly, pursuant to C.P.L.R. § 1024, Plaintiff must demonstrate that he exercised due diligence to name the "John Doe" party prior to the expiration of the statute of limitations (May 23, 2017) and adequately described his involvement in sufficient detail. As to the latter inquiry, the original complaint clearly describes two RMC EMTs/paramedics who arrived on scene at the City Grill on East Avenue, Rochester, New York, on May 23, 2016. The complaint identifies one of these individuals as Robert Young, and the other as John Doe. *See* Docket No. 1 at ¶¶ 20, 21, 27, 32. Accordingly, the complaint adequately describes the John Doe defendant as the paramedic/EMT who was at the City Grill on May 23, 2016.

"The due diligence requirement of § 1024 is not forgiving, and it is the plaintiff's burden to identify the defendant's name, or at least make a good faith effort to do so. A plaintiff exercising due diligence will take concrete and timely steps to ascertain an officer defendant's identity. To invoke § 1024, the plaintiff must show that he made genuine efforts to ascertain the defendants' identities prior to the running of the Statute of Limitations." *Hernandez v. MacKenzie*, No. 14-CV-6153-FPG, 2019 WL 2646601, at *3 (W.D.N.Y. June 27, 2019) (internal quotations and citations omitted).

As to the "due diligence" inquiry, the RMC Defendants argue that "Smith's name was readily available from the patient care report nearly three years ago," and that Plaintiff could have learned his identity at that time. Docket No. 37-3 at 7. Plaintiff asserts that he "attempted to learn the name of all defendants prior to the expiration of the one-year statute of limitations, but all the paperwork only identified Young." Docket No. 32-3 at 26. In connection with the motion to amend the complaint, Plaintiff's counsel has submitted a sworn

declaration, which states that he only learned the identity of the "John Doe" defendant, based on the RMC Defendants' April 2019 mediation disclosure. Docket No. 32-1 at ¶ 55. However, that same declaration acknowledges that Plaintiff waited until March 21, 2019, to serve his first set of discovery demands on the City and RMC Defendants. *Id*. at ¶ 33. Simply, the record before the Court does not demonstrate that Plaintiff exercised due diligence to learn the name of the "John Doe" defendant before the statute of limitations expired, *i.e.*, May 23, 2017. Rather, Plaintiff attempts to shift the burden to Defendants for failing to comply with his discovery requests, which is not supported by the record. *See Hernandez*, 2019 WL 2646601, at *3 ("Pointing a finger at Defendants' attorney . . . does not change the fact that it was Plaintiff's burden to name the correct parties or at least make a good faith effort to do so. Plaintiff does not set forth, and the Court is not aware of, any circumstances showing that he 'exercised due diligence, prior to the running of the statute of limitations, to identify the defendants by name.'")

(quoting *Hogan*, 738 F.3d at 519). Accordingly, Plaintiff's motion to amend the complaint to add Mr. Smith as a defendant is denied.

## B. <u>Plaintiff's Motion to Strike the City Defendants' Answer</u>

Plaintiff moves to strike the answer filed by the City Defendants on April 12, 2019 (Docket No. 28) as untimely, because it was filed fourteen months and 21 days late. *See* Docket No. 32-3 at 7. Specifically, Plaintiff contends that the City Defendants' answer was due on January 22, 2018, following the Court's Decision and Order on the motion to dismiss. *Id*.

Plaintiff is correct that the City Defendants should have filed an answer following the Court's January 2018 Decision and Order, which permitted some of Plaintiff's original claims to proceed to discovery. *See* Fed. R. Civ. P. 12(a)(4)(A) ("if the court denies the motion . . . , the responsive pleading must be served within 14 days after notice of the court's action."). However, during the 14 months that elapsed between January 22, 2018 and March 2019, Plaintiff did not seek a default judgment, or any other form of relief from the Court. Instead,

Plaintiff appeared at a scheduling conference, served discovery demands, and scheduled mediation. *See* Docket Nos. 21, 32-7, 32-9, 32-10. Plaintiff requested that the City Defendants file an answer, *see* Docket No. 32-3 at 7, and moved to strike the answer only after the City Defendants moved to dismiss the amended complaint. Accordingly, Plaintiff's motion to strike the answer is untimely and is denied.

Plaintiff further contends that the answer is deficient under Fed. R. Civ. P. 8 and 11, as a "general denial." Docket No. 32-3 at 8-16. Defendants' answer, filed at Docket No. 28, provides the following information: Defendants moved to dismiss the complaint by formal motion; the Court dismissed the RPD as a party, as well as Plaintiff's supervisory liability claims and state law claims for intentional and negligent infliction of emotional distress; and the City interposes its answer "for the sole purpose of clarifying the record as to remaining claims and parties," and "[d]enies each and every allegation set forth in the Complaint." *See* Docket No. 28 at ¶¶ 1-4. The City Defendants contend that the

Federal Rules permit general denials to all allegations made in good faith, and that they filed their answer "once it became clear that Plaintiff did not intend to file a clean Complaint." Docket No. 35 at 3.

Rule 12 of the Federal Rules of Civil Procedure provides, "[a] party that intends in good faith to deny all the allegations of a pleading - including the jurisdictional grounds - may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 12(b)(3).

Plaintiff argues that the general denial submitted by the City Defendants was not made in good faith, because it denies the jurisdictional grounds included in the complaint, and defendants' employment as police officers at the time of the May 23, 2016 incident. *See* Docket No. 32-3 at 12-13. Plaintiff also points to various facts in the complaint - including the location of 384 East Avenue, and that defendants Young and Leckinger responded to 384 East Avenue on May 23, 2016 - which clearly should

have been admitted. *Id*. at 14-15. Plaintiff concludes, "[t]hus, obviously the City defendants lack a good faith basis" for denying these claims. *Id*. at 13.

The City Defendants' answer, which "[d]enies each and every allegation set forth in the Complaint," is governed by Fed. R. Civ. P. 12(b)(3), which allows a defendant to answer the allegations in a pleading by a general denial. *See Sheet Metal Workers' National Pension Fund v. Vardaris Tech, Inc.*, No. 13-CV-5286(ARR)(RML), 2014 WL 4639213, at *3 (E.D.N.Y. Sept. 16, 2014). The Court notes that Plaintiff has "failed to point out any defects in the answer that would prevent [him] from proceeding with discovery or otherwise prosecuting this case." *Id*.

As to the factual information Plaintiff contends should be admitted, the parties should have resolved these issues without Court intervention. *See Sibley v. Choice Hotels Intern., Inc.*, 304 F.R.D. 125, 134 (E.D.N.Y. 2015) ("So basically, Choice Hotels denies that it is a defendant in this action and denies having knowledge or information as to whether the other defendants are defendants in this action, and Plaintiff

seeks to establish that Choice Hotels and the other defendants are in fact defendants in this action. This is absurd, and the parties should have resolved this issue without court intervention."). Moreover, the City Defendants do not contest that defendants Young and Leckinger were present on May 23, 2016, when the discovery they produced confirmed that this was the case.

However, these issues are presently on motion before the Court. As explained by Wright & Miller:

> [A]lthough the Rule 8(b)(3) permits resort to [the general denial], its use has been sharply restricted. The rule expressly stipulates that a party may not use this form of denial unless the pleader intends to controvert the entire complaint including the averment of the grounds upon which the court's jurisdiction depends. . . .
>
> The primary safeguard against misuse of the general denial stems from the fact that situations in which the complaint can be completely controverted are quite rare, given the increased complexity of federal litigation and the tendency in recent years to plead in greater detail. This means that an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases.

5 Fed. Prac. & Proc. Civ. § 1265 (3d ed.). The Court notes that Plaintiff's complaint is 42 pages long and

contains 207 allegations.  *See* Docket No. 1.  For the sake of clarifying which allegations are contested by the City Defendants, Plaintiff's motion to strike the City Defendants' answer is granted.  The City Defendants are granted leave to re-file their answer, which should clearly identify specific paragraphs admitted and those which are denied, ***within seven days of the filing of this Decision and Order***.

## C. Plaintiff's Motion for Sanctions, Request For Modification of the Scheduling/Case Management Order, and for an Award of Costs and Fees

Plaintiff moves the Court pursuant to Fed. R. Civ. P. 37(c), to sanction the City Defendants for failing to serve Rule 26 mandatory disclosures or respond to Plaintiff's discovery demands.  Docket No. 32-3 at 16. Rule 37 allows the Court to impose sanctions if a party "fails to provide information or identify a witness . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Based on the information before the Court, the parties have exchanged the following discovery information.  First, on March 6, 2019, Plaintiff's

counsel, who was new to the case, reached out to counsel for the City Defendants via e-mail regarding any outstanding discovery. *See* Docket No. 32-5 at 1. Counsel for the City Defendants responded, and attached "some reports, pictures and audio recordings from the file." *Id*. Defense counsel also referenced another "series of videos," including "one from Plaintiff's cellphone and a number of others from the City Grill's security camera. These videos are too large to upload but you should already have access to Mr. Casaccia's video and Mr. Thompson [attorney] may be able to provide video from City Grill." *Id*. The e-mail exchange concluded, "[o]ther than what is attached hereto, there is no additional material to provide from the City." *Id*. In his motion, Plaintiff contends that these disclosures are "insufficient under Rule 26(a), which requires parties to provide four specific categories of information, including the name, address and telephone number of all witnesses, and a copy or description of all records in its possession, custody or control that it may

use to support its claims or defenses." Docket No. 32-3 at 17.

Second, on March 21, 2019, Plaintiff served on the City Defendants his first set of discovery demands, which included interrogatories and a request for production of documents. Docket No. 32-9. At the same time, the City Defendants objected to the extension of the Scheduling/Case Management Order, and the instant motions were filed. Plaintiff contends that the City Defendants have yet to respond to these discovery demands.

Plaintiff's motion for sanctions is denied without prejudice. Plaintiff had just served its first set of discovery demands when briefing on the instant motions began. Further, the City Defendants responded to Plaintiff's counsel's request for outstanding Rule 26 material, and it does not appear that Plaintiff's counsel objected at that time to what had been provided. Rather, it appears that the delay in exchanging discovery in this case was based on new counsel joining the case, extension of the mediation date, and briefing in the instant motions. To the extent any discovery remains outstanding,

the parties **shall** exchange said discovery, ***in compliance***

***with the Federal Rules of Civil Procedure***. If any

discovery disputes arise, the parties should direct any

motion practice to Judge Feldman.

In the interest of fairness, the Court will grant a

brief extension of the deadlines for completion of

discovery and for filing dispositive motions. Plaintiff

has demonstrated good cause for modification of the

Scheduling/Case Management Order, due to his effort to

request an extension of the discovery deadlines (Docket

No. 25, 26); the addition of new counsel to the case

(Docket Nos. 25, 26, 32-2 at ¶¶ 14-15); and the apparent

delay in exchanging discovery (*see, e.g.,* Docket Nos. 32-2

at ¶ 16 & 32-5). Further, the Court notes that

Plaintiff's original request for an extension filed in

March 2019 (Docket Nos. 25, 26) appears to the be first

request for such relief at this point in the case. ***All***

***discovery must be completed by September 30, 2019***. After

the close of discovery, the Court will entertain

dispositive motions, which must be filed by ***October 31,***

***2019***.

The Court notes that this case has been pending since May 2017, and the Court issued its Decision and Order on the City Defendants' Motion to Dismiss in January 2018. Despite the passage of time since the commencement of the case, very little progress has been made to move the case towards a resolution or trial. The parties are on notice that failure to move the case forward in compliance with the above-mentioned deadlines may result in the Court's issuance of an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. *See* L. R. Civ. P. 41(b) ("If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause . . . why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.").

Plaintiff also seeks reasonable costs and attorneys fees in connection with bringing the instant motion. Docket No. 32-3 at 29. In support of this request,

Plaintiff contends that his motion "was necessitated by Defendants' refusal to comply with their discovery obligations, their violations of the Federal Rules of Civil Procedure, and their untenable positions in response to Plaintiff's reasonable proposals." *Id*. However, Plaintiff's motion was also necessitated by his own failure to comply with the deadlines in the Scheduling/Case Management Order, Federal Rule of Civil Procedure 15(a)(2), and his undue delay in amending his complaint to include information that was clearly within his knowledge at the time he filed the original complaint. Accordingly, the Court finds that it is not appropriate to award Plaintiff his costs and attorneys fees in this instance. Plaintiff's motion is denied.

## IV. CONCLUSION

For the reasons set forth above, the City Defendants' Motion to Dismiss the amended complaint (Docket No. 30) is denied as moot.

Plaintiff's Motion to Strike (Docket No. 32) is granted in part and denied in part.

Plaintiff's request to amend the complaint is denied.

Plaintiff's motion to strike the City Defendants' answer is granted. The City Defendants are granted leave to re-file their answer, which should clearly set out specific paragraphs admitted and denied, ***within seven days of the filing of this Decision and Order***.

Plaintiff's motion for sanctions is denied.

Plaintiff's motion for modification of the Scheduling/Case Management Order is granted, to the extent that all discovery must be completed by ***September 30, 2019***, and dispositive motions must be filed by ***October 31, 2019***.

Plaintiff's motion for an award of costs and fees is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
   HON. MICHAEL A. TELESCA
United States District Judge


Dated:   August 14, 2019
          Rochester, New York