UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL CASACCIA and
MARYBETH CASACCIA,

        Plaintiffs,

-vs-

CITY OF ROCHESTER, et al.,

        Defendants.

DECISION AND ORDER

17-CV-6323-FPG-MJP

---

**Pedersen, M.J.** On March 17, 2020, Defendant City of Rochester ("Defendant" or "City") filed a First Motion for Reconsideration (ECF No. 73), seeking reconsideration of the Court's Decision and Order entered on March 4, 2020 (ECF No. 71), compelling the City to produce certain documents in discovery. On March 26, 2020, Plaintiffs filed a First Motion to Compel (ECF No. 77), seeking an order directing Defendant to respond to their September 16, 2019, requests for admission and related interrogatories and requests for the production of documents; asking the Court to impose more severe sanctions against Defendant for its continued violations of the Court's discovery orders; and entering a proposed protective order. The Court has previously detailed the procedural background in its order granting the Plaintiffs' Second Motion to Compel and will not repeat it here.

## DISCUSSION

*Defendant's' Motion to reconsider*

The standard for reconsideration of a prior decision is:

> A court may grant a motion to alter or amend a judgment [under Rule 59(e)] where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.'" *Anderson v. Granoff, Walker & Forlenza, P.C.,* No. 11 Civ. 4178 [DAB], 2012 U.S. Dist. LEXIS 66050, 2012 WL 1659186, at 1 [SDNY May 9, 2012] (*quoting Peterson v. Syracuse Police Dep't,* 467 Fed. App'x 31, 35 [2d Cir. 2012]). Rule 60(b) permits courts to grant relief from a final judgment for, *inter alia*, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions under Rule 60(b) "are generally granted only upon a showing of exceptional circumstances."

*Mendell v. Gollust,* 909 F2d 724, 731 (2d Cir. 1990), *aff'd* 501 U.S. 115 (1991). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. *See Duane v. Spaulding & Rogers Manuf. Inc.*, No. 92-CV-305, 1994 WL 494651 at *1 (N.D.N.Y. Aug. 10, 1994). A "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." *Nossek* v. *Bd. of Ed. of Duanesburg Cent. Sch. Dist.*, No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

*Analysis*

The Court has ordered disclosure of records regarding substantiated use of force claims going back to 2002. (ECF No. 71.) Defendants claim that disclosure of these records is not proportional to the needs of this case, which arises from a specific

2

incident where Plaintiff Michael Casaccia interfered with an ambulance crew and then resisted arrest. (Def.s' Mem. of Law at 2, Mar. 17, 2020, ECF No.73-9.) This is the same argument Defendants raised their prior motion to bifurcate *Monell* discovery. (Mot. to Bifurcate, Def.s' Mem. of Law at 2–4, Aug. 29, 2019, ECF No. 47-8.) Defendants' current motion raises no new arguments, no new information, and makes no showing of mistake or fraud. Therefore, the Court denies Defendants' application to reconsider the Court's prior decision and order.

### *Plaintiffs' Motion for Sanctions*

The next issue to consider is that of Plaintiffs' application for additional sanctions. Federal Rule of Civil Procedure 37 discusses failure to cooperate in discovery and the relevant sanctions. Rule 37(b)(2)(A) states that:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Further, with regard to payment of expenses, Rule 37(b)(2)(C) states that:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

There are a number of factors to consider in determining the appropriateness of sanctions including but not limited to: "(i) the willfulness of the non-compliant party or the reason for the noncompliance; (ii) the efficacy of lesser sanctions; (iii) the duration of the period of noncompliance; and (iv) whether the non-compliant party had been warned of the consequences of his non-compliance." *Estate of Shaw v. Marcus*, No. 14CIV3849NSRJCM, 2017 WL 825317, at *4 (S.D.N.Y. Mar. 1, 2017), citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995); *see also Eduardo Maldonado Lopez v. Cajmant LLC*, No. 15-CV-593, 2016 WL 7017361, at *2 (E.D.N.Y. Dec. 1, 2016) (listing factors).

In this case, Defendants have repeated in their motion to reconsider the same arguments raised in their prior motion to bifurcate the discovery. In response to Plaintiffs' motion for sanctions, Defendants claim that they could not simply turn over documents to Plaintiffs, as they required *in camera* review.

In the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of police personnel documents. *Pierce v. Ottaway,* No. 06-CV-644C(F), 2009 U.S. Dist. LEXIS 21866, at *9–11 (W.D.N.Y. Mar. 18, 2009). "[T]he interests favoring and opposing confidentiality [of police personnel records] must be balanced unless defendants can demonstrate a 'substantial threshold showing' of

4

specific harm that may accrue from the disclosure of such documents.'" *Id.* (quoting *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)).

> [T]he court must determine whether the defendants have made a substantial threshold showing that disclosure of specific information would result in specific harm to identified important interests. If such a showing is not made, the question is resolved in favor of direct disclosure.
>
> Second, if the defendants do make such a showing, then the court must evaluate the plaintiffs' papers and affidavits supporting its motion to compel, the defendants' initial papers and supplemental papers in reply to the plaintiffs' papers, and the actual documents submitted for *in camera* review. The court must balance the interests favoring and disfavoring disclosure, keeping in mind that the burden of persuasion rests on the party seeking to prevent disclosure. The court must also consider the value of appropriate protective orders and redactions.

*King*, 121 F.R.D. at 190–91.

Defendants maintain that defense counsel's November 19, 2019, letter to the Court (ECF 62), sought the Court's direction before providing what he labeled as *Monell* discovery, specifically claiming it was voluminous. (Def.s' Mem. of Law at 4, ECF No. 73-9.) Defendant further claims that "[h]ad the Court responded, Plaintiff's motion to compel would have been a nullity, as Defendants would have followed the Court's express direction." (*Id.*)

Defendant provided *Monell* discovery in other cases with claims similar to those presented in this matter, including cases in which the same Plaintiffs' attorney was involved. However, the City filed the instant motion to reconsider the portion of the Court's order that granted Plaintiffs' motion to compel, instead of only the portion of the order that imposed monetary sanctions for the City's failure to comply with its discovery obligations throughout this case. Further, the claim is undermined by the

5

fact that the City failed to comply with the "express direction" provided by Judge Telesca in his August 4, 2019 order, (ECF No. 43), and by Judge Feldman in his September 12, 2019 order, (ECF No. 52). Counting the undersigned's prior order entered on March 4, 2020 (ECF No. 71), three different Federal Judges have now provided the City Defendants with "express direction" regarding the need to comply with their discovery obligations.

Additionally, the City's letter request for guidance was made in a procedurally improper manner. The City never filed a motion for a protective order under Rule 26 to relieve it of its discovery obligations while its bifurcation or summary judgment motions were pending. Moreover, the City's request was made after Plaintiffs' motion to compel and the City's motion to bifurcate were each fully briefed.

Next the City claims that, "Defendants could not simply turn over documents to the [*sic*] Mr. Shields, as they required in camera review." (Def.s' Mem. of Law at 4, ECF No. 73-9.) However, Judge Feldman's September 12, 2019, Order required the City to produce any objected-to discovery to the Court for *in camera* review by November 21, 2019, an order with which the City Defendants did not comply. (ECF No. 52 at ¶ 3.)

Another issue the Defendants raise with regards to why they did not turn over the discovery documents is that Defendants purported to serve a demand for a bill of particulars pursuant to the New York Civil Procedure Law and Rules ("CPLR"). (Def.s' First Demand for a Bill of Particulars, May 16, 2019, ECF No. 39-3.) On May 14, 2019, Plaintiffs wrote to the City Defendants and explained,

6

> As this case is being litigated in federal court, the Federal Rules of Civil Procedure is controlling, not the CPLR. Rule 12(e) of the Federal Rules of Civil Procedure was amended in 1946 to abolish bills of particulars. *Price* v. *United States*, 335 F.2d 671, 676 (5th Cir. 1964) (discussing amendments to Rule 12(e) abolishing a party's ability to file a motion for a bill of particulars).

(Letter from Elliot Dolby Shields, Esq., to Spencer A. Ash, Esq. (May 14, 2019) at 1, ECF No. 39-4.)

The City never previously argued that CPLR section 3214 automatically stayed discovery after it filed its motion for summary judgment, (ECF No. 58-11), despite having the opportunity to do so in seven communications and arguments with the Court, including: their November 19, 2019 letter seeking "guidance" regarding whether discovery was stayed, (ECF No. 62); their December 4, 2019 reply to the motion for summary judgment, (ECF No. 64); the February 13, 2020 oral argument, ECF No. 70; the City's motion for reconsideration, ECF No. 73-9; the City's March 18, 2020 letter requesting an extension of discovery deadlines, ECF No. 74; and the City's reply to its motion for reconsideration, ECF No. 78. For these reasons, the Court believes the proper sanction is to direct payment of the costs of bringing the motion to compel and engaging in two appearances in relation to it. Accordingly, Plaintiffs' counsel is directed to file a motion for costs, including reasonable attorney's fees, associated with his motion to compel and preparation of the motion for fees.

### *Plaintiffs' Cross Motion for a Protective Order*

Plaintiffs cross-moves this Court to grant Plaintiffs' proposed protective order which would allow Plaintiffs' counsel, Mr. Elliot Shields, the ability to retain confidential documents produced in litigation with the City of Rochester and use

7

these documents in support of his claims in other cases. (Pl.'s Mem. of Law at 3–4, Mar. 26, 2020, ECF No. 77-1) Plaintiffs claims that had their counsel been permitted to use confidential documents produced in previously-litigated cases which Plaintiffs' counsel worked on, *Keene* and *Scott,* to prove his *Monell* claims in this case, he would already have 5,400 pages of discovery that would be available for this case. Defendant has not produced the same discovery from the *Keene* and *Scott* cases which Plaintiffs seeks in this case. (Pl.'s Reply Mem. of Law at 6, Apr. 16, 2020, ECF No. 81.) This excerpt from Plaintiffs' reply illustrates the heart of this issue: "The City insisted that [Mr. Shields] destroy those documents and re-request them in this case. [Mr. Shields] complied, but when Plaintiff re-requested the documents, the City inexplicably refused to reproduce them." (*Id.*) If Plaintiffs had been able to use the relevant discovery already obtained from previous cases, then much of the current and future discovery issues would have been avoided. This case has been pending since May 23, 2017, and is *still* in discovery, despite numerous motions to compel production of discovery documents. Plaintiffs' cross-motion for a protective order, ECF No 77, is granted.

## CONCLUSION

The City of Rochester's First Motion for Reconsideration (ECF No. 73), is DENIED. Plaintiffs First Motion to Compel, its related motion for sanctions and the proposed protective order (ECF No. 77), is GRANTED. The City Defendant is directed to respond to Plaintiffs' September 16, 2019, requests for admission and related interrogatories and requests for the production of documents. Further, the City

8

Defendant is shall pay the cost of bringing the motion to compel and engaging in two appearances in relation to it. Accordingly, Plaintiffs' counsel is directed to file a motion for costs, including reasonable attorney's fees, associated with his motion to compel and preparation of the motion for fees.

    **SO ORDERED**.

Dated:  June 1, 2020
       Rochester, New York

                                                MARK W. PEDERSEN
                                                United States Magistrate Judge