UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL CASACCIA and
MARYBETH CASACCIA,

                                      Plaintiffs,              Case # 17-CV-6323-FPG

v.                                                      DECISION AND ORDER

CITY OF ROCHESTER, et al.,

                                      Defendants.
_____

Plaintiffs bring this 42 U.S.C. § 1983 action alleging false arrest, false imprisonment, malicious prosecution, excessive force, and state law claims for battery, assault, false arrest/imprisonment, and malicious prosecution. ECF Nos. 1, 29.

Currently pending before the Court is the City Defendants' First Motion for Summary Judgment.[1] ECF No. 58. Plaintiffs opposed the motion on the basis that, among other things, it was premature. ECF No. 63. Subsequently, multiple motions relating to discovery were filed and resolved by Magistrate Judge Pederson. ECF Nos. 67, 73, 77.[2]

Most recently, on June 1, 2020, Judge Pederson issued a Decision and Order denying the City Defendants' Motion for Reconsideration and granting Plaintiffs' Motion to Compel and for Sanctions. ECF No. 82. Judge Pederson directed the City Defendants to respond to Plaintiffs' prior requests for admission and related interrogatories and requests for the production of documents. *Id.* Judge Pederson observed, "[t]his case has been pending since May 23, 2017, and

---

[1] In a Decision and Order dated January 8, 2018 (ECF No. 17), the following defendants were collectively identified as the City Defendants: The City of Rochester, the Rochester Police Department, Rochester Police Sergeant Kevin Leckinger, and Rochester Police Officers Audrey DiPoala, Gary Wegman, Matthew Cushman, Joshua Hall, and Amy Bauer. The Rochester Police Department was terminated as a named defendant.

[2] The extensive procedural history of this case is set forth in detail in Magistrate Judge Pederson's Decision and Order granting Plaintiff's Second Motion to Compel the City Defendants to provide discovery (ECF No. 45), and need not be repeated here. *See* ECF No. 71.

1

is *still* in discovery, despite numerous motions to compel production of discovery documents." *Id.* at 8.

In short, discovery is still pending and therefore summary judgment is premature. *See Crystalline H20, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have 'a fully adequate opportunity for discovery.'"); *Toussie v. Allstate Insurance Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("Rule 56(b) allows a summary judgment motion to be made 'at any time.' But courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.").

Accordingly, the City Defendants' Motion for Summary Judgment (ECF No. 58) is DENIED without prejudice to refiling upon the close of discovery.

IT IS SO ORDERED.

Dated: June 18, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court