UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL CASACCIA and MARYBETH
CASACCIA,

                Plaintiffs,

-vs-

CITY OF ROCHESTER, et al.,

                Defendants.

DECISION AND ORDER

17-CV-6323-FPG-MJP

---

## APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Donald M. Thompson, Esq.<br>16 West Main Street, Suite 243<br>Rochester, NY 14614<br>(585) 423-8290 |
| | Elliot Dolby Shields, Esq.<br>Roth & Roth, LLP<br>192 Lexington Avenue, Suite 802<br>New York, NY 10016<br>(212) 425-1020 |
| | Mark A Foti, Esq.<br>16 W. Main Street, Suite 100<br>Rochester, NY 14614<br>(585) 461-1999 |
| For Defendants: | Spencer L. Ash, Esq.<br>City of Rochester<br>Law Department<br>City Hall, Room 400-A<br>30 Church Street<br>Rochester, NY 14614-1295<br>(585) 428-6699 |

## INTRODUCTION

**Pedersen, M.J.** Plaintiffs have filed a 142-page motion seeking an award of attorney's fees in the total amount of $73,500 and costs in the total amount of $490.28 pursuant to Federal Rule of Civil Procedure 37(c)(1)(A). (Notice of Mot., Oct. 8. 2020, ECF

No. 93.) Defendants oppose the motion in several respects. For the reasons stated below, the Court awards $67,135.00 in attorney fees and $490.28 in costs.

## BACKGROUND

Plaintiffs filed a civil rights action against Defendants on May 23, 2017. (Compl., ECF No. 1.) The case was assigned to the Honorable Michael A. Telesca, who issued a decision and order on January 8, 2018, granting in part Defendants' motion to dismiss. (Decision & Order, ECF No. 17.) Judge Telesca referred the case to the Honorable Jonathan W. Feldman, U.S. Magistrate Judge, who issued a scheduling order on July 25, 2018. (Scheduling/Case Management Order, ECF No. 22.) That scheduling order directed that mandatory disclosures be made by September 30, 2018, with factual discovery to close on June 30, 2019. Elliot Dolby Shields entered his appearance on March 4, 2019 (ECF No. 24,) and filed an amended complaint on April 12, 2019 (ECF No. 29). On April 15, 2019, Defendants moved for "Denial of Amended Complaint," (Notice of Mot., ECF No. 30), and on August 14, 2019, Judge Telesca issued a Decision and Order denying that motion, denying Plaintiffs' motion for sanctions, and extending the discovery deadline to September 30, 2019. (Decision and Order, ECF No. 43.)

On August 26, 2019, Plaintiffs filed a second motion to compel and sought another extension of the discovery deadline. (Notice of Mot., ECF No. 45.) Defendants cross-moved to bifurcate the discovery: severing any discovery for Plaintiffs' *Monell*[1] claims. While those motions were pending, Defendants filed a motion for summary judgment on October 29, 2019 (ECF No. 58). On November 14, 2019, the case was referred to the undersigned for all non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

---

[1] *See Monell v. Dep't of Soc. Svcs. of City of New York*, 436 U.S. 658 (1978).

The Court granted the parties' mutual request to extend discovery in an Order entered on December 20, 2019 (ECF No. 68). On January 24, 2020, Judge Telesca referred to the undersigned the motion to bifurcate discovery (ECF No. 47) and the second motion to compel (ECF No. 45) for resolution. In a Decision and Order filed on March 4, 2020, the undersigned granted Plaintiffs' motion to compel and motion for sanctions (ECF No. 45) and denied Defendants' motion to bifurcate discovery (ECF No. 47). Following the death of Judge Telesca, the case was transferred to then-Chief District Judge Frank P. Geraci, Jr. (Text Order Transferring Case, ECF No. 72.)

In its 19-page Decision and Order granting Plaintiffs' motion to compel and for sanctions, the Court determined that Plaintiffs' case was not frivolous, and that Plaintiffs were not required to prove individual liability before any *Monell* claim could be viable. (*Casaccia v. City of Rochester*, No. 17-CV-6323-FPG-MJP, 2020 WL 1042149 (W.D.N.Y. Mar. 4, 2020).) The Court noted:

> Without seeking a protective order from the Court, counsel for the City Defendants informed Plaintiffs' counsel, "I've said multiple times I will not turn over the discovery you've requested without first providing same to the Court for review." (ECF No. 45-33.) As stated above, City Defendants never provided a privilege log despite claiming that much of the material sought was privileged.

(Decision and Order at 18, ECF No. 71.) The Court directed Defendants to produce itemized discovery "by **March 23, 2020**," and comply with Fed. R. Civ. P. 30(b)(6) by "**March 9, 2020**." (*Id.* at 16 & 17 (emphasis in original).) It also awarded costs and reasonable attorney fees associated with Plaintiffs' motion to compel and preparation of the motion for fees.

Instead of complying with the Order, Defendants filed a motion for reconsideration on March 17, 2020 (ECF No. 73). Plaintiffs filed a motion to compel and a third motion

3

for sanctions on March 26, 2020 (ECF No. 77), to which Defendants responded on April 2, 2020 (ECF No. 78), April 7, 2020 (ECF No. 79), and April 9, 2020 (ECF No. 80). The Court issued a Decision and Order denying Defendants' motion for reconsideration (ECF No. 73) and granting Plaintiffs' motion to compel and for sanctions (ECF No. 77). (Decision and Order, Jun. 1, 2020, ECF No. 82; *Casaccia v. City of Rochester*, No. 17-CV-6323-FPG-MJP, 2020 WL 2833008 (W.D.N.Y. Jun. 1, 2020).) On June 18, 2020, Judge Geraci denied Defendants' motion for summary judgment without prejudice to refiling at the close of discovery. (Decision and Order, ECF No. 83.)

On October 8, 2020, Plaintiffs filed the pending motion for attorney fees. (Notice of Mot., ECF No. 93.) The Court did not issue a motion scheduling order; thus, per the local rule, Defendants' response was due on October 22, 2020. W.D.N.Y. Loc. R. Civ. P. 7(b)(2)(B). On November 2, 2020, Defendants filed their opposition to Plaintiff's application. (Mem. of Law in Opp'n, ECF No. 94.) Inasmuch as the fee award here is a sanction, not because of a fee-shifting statute, the presumption of an in-forum hourly rate is less applicable. *See, e.g.*, *Ceglia v. Zuckerberg*, No. 10-CV-569A(F), 2012 WL 503810, *9 (W.D.N.Y. Feb. 14, 2012).

## STANDARD OF LAW

Because the Court has already awarded the sanction of reasonable attorney's fees and costs in prior orders, it need only concern itself here with the reasonableness of Plaintiffs' application. Fed. R. Civ. P. 37(c)(1)(A) states:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

4

> justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . .

As the Court determined that Defendants willfully failed to provide the discovery ordered by Judge Feldman and the undersigned, it finds that Defendants were at fault. Nevertheless, the Court did not impose the harshest sanction sought, but merely ordered costs and reasonable attorney fees.

Sanctions under Rule 37 perform a threefold purpose. Relevant here is the purpose to specifically deter and secure compliance, as well as the purpose of general deterrence. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643 (1976) ("Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'").

In its decision in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), the Court of Appeals panel recommend the following considerations when awarding reasonable attorney fees:

> We think the better course—and the one most consistent with attorney's fees jurisprudence—is for the district court, in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using

5

their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Id.* at 190. The Circuit Court also discussed an issue relevant here: using an out-of-district hourly rate. In that regard, the panel wrote:

> We now clarify that a district court may use an out-of-district hourly rate— or some rate in between the out-of-district rate sought and the rates charged by local attorneys—in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates. We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted—albeit only in the unusual case—if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill.

*Id.* at 191.

## ANALYSIS

### *Defendants' Opposing Papers*

Defendants filed their papers opposing Plaintiff's motion eleven days late. Federal Rule of Civil Procedure 6 provides, in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: …
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B). Defendants' counsel was admitted to practice in the Court in 2006. He is an experienced litigator familiar with the Federal and local rules of civil procedure. Nevertheless, counsel has not provided any reason why the Court should accept his opposition papers filed eleven days late. Generally, "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). As Defendants have

6

offered no reason for failure to comply with the Federal rules and this Court's local rule, the undersigned will not accept Defendants' opposition papers. Nevertheless, the Court cannot simply grant Plaintiffs' motion as unopposed–it must still determine the reasonableness of the demand.

### *Out-of-District Hourly Rates*

Defendants argue that its out-of-district hourly rates of $475 for Mr. Shields, $750 for Mr. Roth, and $675 for Mr. Thompson are reasonable. (Def.s' Mem. of Law at 19–24.) As Mr. Shields stated:

> As attested to in the declaration of Don Thompson, managing partner at Easton Thompson Kasperek Shiffrin, LLP, Mr. Thompson regularly refers me clients in Rochester with complex civil rights and wrongful conviction claims because there are no Rochester attorneys with the skill, experience or ability to competently represent these individuals—let alone attorneys who would even consider taking the case. Mr. Thompson asked me to come onto the case as lead counsel after his associate who was handling the case left his firm, and the other attorney who he'd brought onto the case—Mark Foti—also became too busy with his own criminal defense practice. Mr. Thompson specifically brought me onto this case because it involved a complex municipal liability claim regarding the City's deliberate indifference to the widespread use of excessive force by RPD officers, as demonstrated by the RPD's failure to supervise and discipline officers who use excessive force.

(Shields Decl. ¶ 69, ECF No. 93-2.)

Mr. Shields has filed 23 cases in the Court dealing with civil rights. The undersigned has witnessed his performance in at least two other cases and notes the expertise he projects in doggedly pursuing civil rights claims under *Monell*. In the undersigned's over twenty years with the Western District of New York, no other counsel practicing has so vigorously pursued the discovery necessary to mount a potentially successful *Monell* claim. Therefore, it is reasonable that Mr. Thompson, who originally brought this case on Plaintiffs' behalf, sought Mr. Shields' expertise. Mr. Shields has

practiced with the Roth & Roth firm since 2016 and maintains an office in New York City. Roth & Roth, https://www.rothandrothlaw.com/elliot-shields-attorney/ (last visited Sept. 8, 2021). He has experience in the trial and appellate courts. (Def.s' Mem. of Law at 19–20, ECF No. 93-1.) The Court Finds that retention of an out-of-district attorney for this case is reasonable, as is Mr. Shields's discounted hourly rate of $475.00.

However, in view of Mr. Shields' experience, the Court determines that the involvement of other counsel and consultation by Mr. Shields with other counsel was unnecessary for preparation of the motions to compel and seek sanctions. In that regard, the Court will not make any determination as to the reasonableness of their hourly rates.

*Time Records*

The Court has reviewed the time records and assumes that "DAR" refers to David A. Roth, a partner of the law firm of Roth & Roth, and "ES" refers to Mr. Shields. (Activities Export at 1, *attached to* Shields Decl., ECF No. 93-2, *as* ECF No. 93-3.) After reviewing the detailed billing summaries, the Court reduces the requested fee of $73,500 to $67,135.00. The basis for the reduction in fees requested include a portion of the fees billed which would have been more appropriately done by a paralegal at a lower billing rate. Additionally, as Plaintiffs' counsel pointed out in his motion for fees, he is an expert in litigation of this kind. Therefore, certain entries where he consulted with other partners in his firm over review of emails or pleadings are excluded, as is his fee for learning how to bring in Federal court the equivalent of a New York order to show cause. Regarding Mr. Shield's claim for costs, the Court has reviewed the detailed information he provided and finds that the claim is reasonable.

## CONCLUSION

Based on the Court's analysis, it awards Mr. Shields $67,135.00 as reasonable attorney fees and $490.28 in costs. The Clerk will enter judgement for Roth and Roth LLP in the amount of $67,625.28.

SO ORDERED.

Dated:  September 15, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge